IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**JOHN NEWSOME, JR., Individually and**     **PLAINTIFF**
**on behalf of All Others Similarly Situated**

vs.                                  No. 7:19-cv-150

**QES PRESSURE CONTROL, LLC**                     **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff John Newsome, Jr., individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant QES Pressure Control, LLC ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by John Newsome, Jr. ("Plaintiff"), both individually and on behalf of all other salaried Field Supervisors employed by Defendant at any time within the three-year period preceding filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and other Field Supervisors lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Plaintiff and the members of the proposed class were misclassified by

Defendant as salary/exempt.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. The acts complained of herein were committed and had their principal effect within the Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

8. Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## III. THE PARTIES

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff is a resident and citizen of Upshur County.

11. Plaintiff worked for Defendant as a Field/Coil Tubing Supervisor from approximately May of 2016 through May of 2019, in Texas and New Mexico.

12. Within the relevant time period, Plaintiff was classified by Defendant as exempt from overtime wages and paid a salary and bonuses.

13. At all times material herein, Plaintiff has been entitled to the rights,

protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

14. Defendant is a foreign limited liability corporation licensed to do business in the State of Texas with an office at 350 North Saint Paul Street, Dallas, Texas 75201.

15. Defendant is a provider of oil and gas services including coiled tubing, fluid pumping, nitrogen, rig-assist snubbing, well control, and special services.

16. Defendant maintains a website at https://quintanaenergyservices.com.

17. Defendant may be served through its registered agent: Capitol Corporate Services, Inc., 206 East Ninth Street, Suite 1300, Austin, Texas 78701.

18. Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

19. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

20. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

### IV. REPRESENTATIVE ACTION ALLEGATIONS

21. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all

persons similarly situated as Field Operators who were or are employed by Defendant and who are entitled to payment for all of their overtime wages which Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

23. In addition, and in the alternative, Plaintiff brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

24. Plaintiff also brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

**All Salaried Field Supervisors employed within the past three years.**

25. This group includes, but is not necessarily limited to, salaried supervisory workers employed by Defendant. Defendant failed to pay these workers at the proper overtime rate. These employees are similarly situated to Plaintiff and are owed overtime for the same reasons.

26. Plaintiff is unable to state the exact number of the class but believes that the class membership exceeds ten (10) persons. Defendant can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendant.

27. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

Page 4 of 11
John Newsome, Jr., et al v. QES Pressure Control, LLC
U.S.D.C. (W.D. Tex.) Case No. 7:19-cv-150
Original Complaint—Collective Action

28. The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

29. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on text messaging and email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon text messages and email as opposed to traditional U.S. Mail.

30. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

   A. Defendant's uniform misclassification of them as exempt employees under the FLSA; and

   B. Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

31. Plaintiff alleges that Defendant failed to paid Plaintiff and members of the class an overtime rate of one and one-half times their regular rate of pay as required by the FLSA; Defendant paid Plaintiff and members of the class a salary with no overtime premium.

32. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

33. Plaintiff brings this action on behalf of himself individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

## V. FACTUAL ALLEGATIONS

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

35. Within the time period relevant to this case, Plaintiff worked for Defendant as a Field/Coil Tubing Supervisor.

36. Plaintiff's duties as a Field Supervisor included working at oil well and gas well sites to assist in pumping and fracking the wells.

37. Within the time period relevant to this case, Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendant.

38. On average, Plaintiff and other similarly-situated employees worked over ninety (90) hours per week. They did not receive any overtime compensation.

39. Within the time period relevant to this case, Plaintiff and other similarly-situated employees were misclassified as exempt and paid a salary.

40. Within the time period relevant to this case, Plaintiff and other similarly-situated employees were also paid bonuses.

41. Plaintiff and other similarly-situated employees never agreed that their salary would be sufficient to cover all hours worked.

42. In performing their services for Defendant, Plaintiff and other similarly-situated employees were not required to utilize any professional education relevant to their job duties.

43. Plaintiff and other similarly-situated employees were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery at

remote locations, and not in an office.

44. During the course of their employment, Plaintiff and other similarly-situated employees did not manage the enterprise or a customarily recognized subdivision of the enterprise.

45. Plaintiff and other similarly-situated employees did not select any employees for hire nor did they provide any training for any employee. Plaintiff and other similarly-situated employees had no ability to hire and fire any employee.

46. Plaintiff and other similarly-situated employees did not have any control of or authority over any employee's rate of pay.

47. Plaintiff and other similarly-situated employees did not maintain or prepare production reports or sales records for use in supervision or control of the business.

48. Similarly, Plaintiff and other similarly-situated employees did not have any responsibility for planning or controlling budgets.

49. Defendant did not pay Plaintiff and other similarly-situated employees one and one-half times their regular rate of pay for all hours worked over forty per week.

50. Plaintiff worked for Defendant in various places in Texas and New Mexico, and Defendant's pay practices were the same at all locations.

51. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other Field Supervisors violated the FLSA.

52. To perform their job duties, at least two employees of Defendant routinely used hard hats, drilling equipment, pump equipment, lubricators, blow-out preventers, and various hand-tools, at least some of which had been moved in or produced for interstate commerce.

53. Throughout the time relevant to this complaint, Defendant has been an enterprise engaged in interstate commerce as defined by the FLSA.

54. Upon information and belief, Defendant knew, or showed reckless disregard for whether, its pay practices toward Plaintiff and other Field Supervisors violated the FLSA.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

55. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

56. Defendant intentionally misclassified Plaintiff as exempt from overtime compensation.

57. Defendant deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

58. Defendant's conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary, and in bad faith.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

60. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

61. Plaintiff repeats and re-alleges all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

62. Defendant required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

63. Defendant deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

64. Defendant's conduct and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

66. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and similarly situated members of the class as provided by the FLSA, Plaintiff and similarly situated members of the class are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff John Newsome, Jr., individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former Field Supervisors;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff and members of the Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JOHN NEWSOME, JR.,
Individually and on behalf of All
Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com