IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **JOHN NEWSOME, JR.,** Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff*, | § § | |
| v. | § | No. MO:19-CV-0150-DC-RCG |
| | § | |
| **QES PRESSURE CONTROL, LLC,** | § | |
| *Defendant*. | § § | |

### REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff John Newsome, Jr.'s Renewed Motion for Conditional Certification of Collective Action, for Approval and Distribution of Notice and for Disclosure of Contact Information ("Motion for Conditional Certification"). (Doc. 34). Also before the Court is Defendant QES Pressure Control, LLC's Motion to Exclude Arbitration Employees From Notice. (Doc. 18). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. (Doc. 5). After due consideration, the undersigned **RECOMMENDS** that Plaintiff's Motion for Conditional Certification be **GRANTED IN PART**. (Doc. 34). Additionally, the undersigned **RECOMMENDS** that Defendant's Motion to Exclude Arbitration Employees from Notice be **GRANTED**. (Doc. 18).

### I.   BACKGROUND

On June 24, 2019, Plaintiff filed this suit as a collective action against Defendant QES Pressure Control, LLC ("Defendant") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Defendant is an oil and gas company that provides various services including: "coiled tubing, fluid pumping, nitrogen, rig-assist snubbing, well control, and

special services." (Doc. 1 at 3). Plaintiff asserts he worked for Defendant as a "Field/Coil Tubing Supervisor" from approximately May 2016 to May 2019. (Doc. 13-1 at 2). Plaintiff alleges he was paid on a salary basis with an additional flat rate for each day worked. *Id*. Plaintiff brings this action on behalf of similarly situated former and current employees of Defendant to recover unpaid overtime wages and other damages. (Doc. 1 at 9–10).

On September 24, 2019, Plaintiff filed his first motion for conditional certification. (Doc. 13). Plaintiff sought conditional certification of the following class:

> **All Salaried Field Supervisors employed within the past three years.**

*Id*. at 1. Plaintiff also sought approval of his proposed method of notice. (Doc. 14). In the March 17, 2020 Report and Recommendation issued on Plaintiff's first motion for conditional certification, the undersigned recommended that the motion be denied without prejudice on the basis that Plaintiff had failed to satisfy the third prong of the first stage of the *Lusardi* analysis. (Doc. 32). On April 30, 2020, the District Judge adopted the Report and Recommendation and denied Plaintiff's first motion for conditional certification and accompanying motion for approval of notice without prejudice. (Doc. 43).

On March 22, 2020, Plaintiff filed a Notice of Consent to Join Collective Action for opt-in plaintiff David Vann. (Doc. 33). On March 23, 2020, Plaintiff filed the instant "renewed" Motion for Conditional Certification. (Doc. 34). On March 30, 2020, Defendant filed a response in opposition. (Doc. 35). On April 1, 2020, Plaintiff filed a reply. (Doc. 38).

Also pending before the Court is Defendant's Motion to Exclude Arbitration Employees from Notice. (Doc. 18). Defendant filed this motion on October 15, 2019, seeking to exclude from notice all employees who are prohibited from joining this suit pursuant to valid arbitration agreements. *Id*. Plaintiff filed a response in opposition on October 22, 2019. (Doc. 27).

Defendant filed a timely reply on October 23, 2019. (Doc. 28).

On April 22, 2020, the Court held a telephonic hearing on these matters. Accordingly, both motions are now ready for disposition.

## II.   LEGAL STANDARD

*a. Conditional Certification*

An employee may bring an action for violations of the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under § 216(b) provides for a procedure for prospective plaintiffs to "opt-in," i.e., affirmatively notify the court of their intention to become parties to the collective action. *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 225 (5th Cir. 2011) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)). Although the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class or grant notice in a case brought under the FLSA, the majority of courts within the Fifth Circuit have adopted the *Lusardi* two-stage approach, after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[1]

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience*

---

1. *See, e.g.*, *Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (applying *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 643 (W.D. Tex. 2013); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011).

*Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214. During the notice stage, the court makes its decision "usually based only on the pleadings and any affidavits which have been submitted[.]" *Id*. Courts "appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n.8. If the court finds that the putative class members are similarly situated, then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members. *Id*. After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated. *Id*. At that point, the court will fully evaluate the merits of the class certification. *Id*.

While a plaintiff's burden at the notice stage is "not onerous, neither is it invisible." *Smith v. M-I, LLC*, No. 5:17-CV-00788-FB-RBF, 2018 WL 386624, at *3 (W.D. Tex. August 14, 2018) (quoting *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008)). "[A]t the notice stage, the plaintiff must [still] make a preliminary factual showing that he is 'similarly situated to the other employees named in his proposed class." *Id*. (citing *Mathis v. Stuart Petroleum Testers, Inc.*, No. 5:16-CV-094-RP, 2016 WL 4533271, at *2 (W.D. Tex. Aug. 29, 2016)). Additionally, plaintiffs must show that proposed class members are both "similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Id*. Courts have also required plaintiffs to show that other aggrieved individuals want to opt-in to the lawsuit. *Id*. (citing *Tolentino v. C & J Spec–Rent Servs., Inc.*, 716 F. Supp. 2d 642, 647 (S.D.

4

Tex. 2010)).

    b.  *In Re JPMorgan Chase & Company—Exclusion of Arbitration Employees*

The Fifth Circuit recently held in *In re JPMorgan Chase & Co.* that "district courts may not send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit that employee from participating in the collective action." 916 F.3d 494, 501 (5th Cir. 2019). In that case, the plaintiffs moved to conditionally certify a collective action in an FLSA overtime compensation action. *Id*. at 498. The defendant argued that many of the putative collective action members waived their rights to proceed in a collective action through binding arbitration agreements and thus should not receive notice of the action. *Id*. The district court conditionally certified the action and authorized notice even to those individuals who had signed arbitration agreements. *Id*. The Fifth Circuit found it was error to notify individuals who would not be able to ultimately participate in the collective action due to binding arbitration agreements. *Id*. at 502. However, the Fifth Circuit explained that courts must first identify which employees entered into valid arbitration agreements with the defendant. *Id*. The Fifth Circuit further instructed that "an employer that seeks to avoid a collective action, as to a particular employee, has the burden to show, by a preponderance of the evidence, the existence of a valid arbitration agreement for that employee." *Id*. at 502–03.

### III.   Discussion

    a.  *Conditional Certification*

Regarding conditional certification, the Court's analysis need only address the first stage of the *Lusardi* inquiry. Accordingly, Plaintiff must show that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are

similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Tolentino*, 716 F. Supp. 2d at 647.

In the Report and Recommendation issued on March 17, 2020, the undersigned found that Plaintiff had satisfied the first two prongs but had failed to satisfy the last prong of the first stage of *Lusardi*. (*See generally* Doc. 32). For that reason, the undersigned recommended that Plaintiff's first motion for conditional certification and the authorization of notice be denied without prejudice. *Id*. On April 30, 2020, the District Judge adopted the March 17, 2020 Report and Recommendation. (Doc. 43).

On March 22, 2020, Plaintiff filed the Notice of Consent to Join of David Vann. (Doc. 33). On the same day, Plaintiff filed the instant renewed Motion for Conditional Certification. (Doc. 34). On March 30, 2020, Defendant filed a Motion to Compel Arbitration of Claims by Opt-In David Vann. (Doc. 36). Plaintiff did not oppose the Motion to Compel Arbitration. For that reason, on May 6, 2020, the undersigned issued a Report and Recommendation that the Motion to Compel Arbitration be granted and that David Vann's claims against Defendant be dismissed. (Doc. 44).

The undersigned will analyze each element required at stage one of the *Lusardi* analysis below. However, as the undersigned previously found that Plaintiff had satisfied the first two elements, the main focus will be on whether David Vann's Notice of Consent to Join satisfies the requirement to show that others desire to opt into this suit.

**1. Whether Other Aggrieved Individuals Exist**

Plaintiff has made the required minimal showing that other aggrieved individuals exist. To establish that other aggrieved individuals exist, a plaintiff must show "a factual nexus that binds the named plaintiffs and potential class members as victims of a particular alleged policy

or practice." *Muhammad v. Pioneer Nat. Res.*, No. 5:16-CV-78-FB-HJB, 2016 WL 11585185, at *2 (W.D. Tex. June 7, 2016) (quoting *Black v. Settlepou, P.C.*, No. 3:10-CV-1418-K, 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011)). At the notice stage, "allegations in pleadings and affidavits are generally sufficient to support a claim for conditional certification." *Id.* (citing *Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *3 (W.D. Tex. Mar. 31, 2015)).

Plaintiff's declaration is sufficient to establish that other aggrieved individuals exist. Plaintiff attests that he was paid a flat day-rate as a salaried employee. (Doc. 13-1 at 2). He asserts that he and other field supervisors worked in excess of forty hours per week but did not receive any overtime compensation. *Id.* These allegations are sufficient to "show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *See Muhammad*, 2018 WL 11585185, at *3 (quoting *Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916–17 (S.D. Tex. Nov. 3, 2010)).

### 2. Aggrieved Co-Workers Similarly Situated to Plaintiff

In response to Plaintiff's renewed Motion for Conditional Certification, Defendant reasserts many of its previous arguments that Plaintiff has failed to show that the aggrieved co-workers are similarly situated to Plaintiff. (Doc. 25 at 4–6). Specifically, Defendant argues that Plaintiff's declaration is insufficient to show that other Coil Tubing Supervisors shared similar job duties, as he offers only conclusory statements and does not specifically state that he had conversations with others regarding their job duties. *Id.* at 5. Further, Defendant argues that Plaintiff failed to show that he worked alongside any other Coil Tubing Supervisors. *Id.*

Additionally, Defendant now argues that Plaintiff's deposition testimony "confirms his lack of knowledge of what other Coil Tubing Supervisors do." *Id.* at 6. Defendant asserts that

Plaintiff testified he only ever worked for Defendant in Odessa, Texas and that he never worked alongside any other Coil Tubing Supervisors. *Id*. Additionally, Plaintiff stated that the Coil Tubing Supervisors did not receive uniform training. *Id*. In sum, Defendant argues Plaintiff lacks personal knowledge of other Coil Tubing Supervisor's job duties and thus has failed to show that he is similarly situated to other Coil Tubing Supervisors. *Id*.

At the notice-stage under *Lusardi*, a plaintiff need only provide substantial allegations that class members were victims of a single, decision, policy, or plan. *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009). A plaintiff is not required to show that class members are identical. *Walker*, 870 F. Supp. 2d at 468. However, courts generally require that members of an FLSA class have similar job titles and responsibilities. *See, e.g., Pacheco*, 2015 WL 1509570, at *6 (holding that for class members to be similarly situated they must be subject to common pay provisions and have similar job requirements). The purpose of requiring class members to have similar job positions is to ensure judicial efficiency by "avoiding the need for individualized inquiries into whether a defendant's policy violates the FLSA as to some employees but not others." *Id*. at *7.

All that is required at the notice stage is that the potential plaintiffs "have personal knowledge of their own hours and compensation schemes, and they attest to having knowledge of the general compensation scheme utilized by their employer, thus meeting the personal knowledge requirement." *Id*. Courts have held that at the conditional certification stage, plaintiffs "need not present evidence in a form admissible at trial" and declarations should not be struck so long as they are based on a plaintiff's personal knowledge. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 762 (N.D. Tex. 2013) (collecting cases). Further, "plaintiffs need not compose affidavits in their own words." *Clay v. Flounderdawg, LLC*, No. 5:15-CV-923-FB-HJB, 2015 WL

13769448, at *5 (W.D. Tex. March 24, 2015) (citing *Lang v. DirecTV, Inc.*, No. 10-1085, 2011 WL 6934607, at *10 (E.D. La. Dec. 30, 2011)).

Here, the Court finds that Plaintiff has presented sufficient evidence of a widespread pay plan by Defendant in violation of the FLSA—namely, the payment of a salary plus a day rate without paying overtime to Coil Tubing Supervisors. (Doc. 13-1 at 2). Plaintiff has also demonstrated that he and other Coil Tubing Supervisors were subject to Defendant's pay plan and performed substantially similar job duties and hours. While Plaintiff's declaration is void of many precise details, and while the deposition of Plaintiff may show that he has limited knowledge of the ins and outs of other Coil Tubing Supervisors exact duties, it is reasonable at this *lenient* stage to credit Plaintiff's assertion that Defendant's Coil Tubing Supervisors performed substantially similar duties. Accordingly, at this stage, the undersigned finds Plaintiff has alleged facts sufficient to show that Plaintiff is similarly situated to the potential class members. Further, should Defendant discover further indication that this case is not well suited for a collective action, Defendant can move for decertification at the second stage of *Lusardi*.

### 3. Similarly Situated Individuals Want to Opt In

Finally, Plaintiff must show that other similarly situated individuals desire to opt into this suit. Defendant argues that because the one individual who opted into this suit is not permitted to join based on a binding arbitration agreement, that Plaintiff has failed to show that other similarly situated individuals desire to opt in. (Doc. 35 at 7–8).

This Court has previously held that a named plaintiff's testimony that other similarly-situated individuals would be "interested to learn about their rights and opportunity to join [the] lawsuit," combined with a consistent declaration of a non-party individual, constitutes a sufficient showing that others want to opt in to the suit. *See Burton v. Agility Energy, Inc.*, No.

MO:17-CV-00204-DC, 2018 WL 2996909, at *4 (W.D. Tex. May 4, 2018). Here, Plaintiff states in his declaration that based on conversations with other salaried employees he worked with, he "believes that there are others who would want to join this lawsuit if notice was issued [] and they were made aware of the suit." (Doc. 13-1 at 4). Additionally, Plaintiff filed a Notice of Consent to Join Collective Action of David Vann. (Doc. 33). While David Vann is likely ineligible to join this suit, the undersigned finds his Notice of Consent to Join Collective Action provides, when combined with Plaintiff's assertion that he believes there are others who wish to join this suit, sufficient evidence that others desire to join this suit. David Vann's potential ineligibility due to the arbitration agreement does not preclude his Notice of Consent to Join Collective Action from demonstrating that others wish to join this suit.

Accordingly, considering the lenient standard at this stage, the Court finds Plaintiff has made a sufficient showing that others wish to join this suit. *See, e.g.*, *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 514 (W.D. Tex. 2015); *Pacheco*, 2015 WL 1509570, at *8) (two declarations attesting "many" current and former employees would join lawsuit found to be a sufficient basis for conditional certification); *Reid v. Timeless Restaurants, Inc.*, 3:09-CV-2481-L, 2010 WL 4627873, at *3 (N.D. Tex. Nov. 5, 2010) (finding "evidence from two individuals who experienced similar employment pay practices . . . and [who] stated that they are aware of others who also experienced them" sufficient to support motion for conditional certification); *Tolentino*, 716 F. Supp. 2d at 653 (finding two declarations of similarly situated individuals and complaint sufficient to demonstrate the existence of employees who would opt-in). Thus—while the evidence presented is minimal—the Court finds that Plaintiff has similarly satisfied his lenient burden with respect to the third element of the *Lusardi* inquiry. *See Pacheco*, 2015 WL 1509570, at *8; *see also Dyson*, 308 F.R.D. 510, 514 (W.D. Tex. 2015) (finding declarations

from named plaintiff and one other individual stating their belief that others may be interested in joining the lawsuit was sufficient "at this early stage").

In sum, Plaintiff has demonstrated: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Tolentino*, 716 F. Supp. 2d at 647. However, the undersigned recommends that the District Judge narrow the class based on Plaintiff's actual job title of Coil Tubing Supervisor. Additionally, the class should only cover those individuals who have worked for Defendants three years prior to the issuance of the order conditionally certifying the class.

Accordingly, the Court should conditionally certify the following class:

> **All Coil Tubing Supervisors employed by Defendant within the past three years of the issuance of the Order conditionally certifying the class.**

b. *Exclusion of Arbitration Employees from Notice*

The undersigned now turns to Defendant's Motion to Exclude Arbitration Employees from Notice ("Motion to Exclude"). (Doc. 18). Defendant attaches its Employee Handbook which contains the following arbitration agreement:

> All claims arising out of or related to your employment with the Company, or the termination of your employment with the Company, including but not limited to, claims for unpaid wages . . . will be submitted to mandatory binding arbitration.
>
> . . .
>
> No class or collective actions can be asserted in arbitration or otherwise. All claims, whether in arbitration or otherwise, must be brought solely in your individual capacity, and not as a plaintiff or class member in any purported class or collective proceeding, and not with any claim involving any other person by consolidation, joinder, or any other manner.

(Doc. 18-1 at 20). Defendant also attaches the signed Acknowledgment and Receipt of Employee Handbook for approximately forty of its employees. (Doc. 18-1 at 92–128).

The undersigned finds that, under Fifth Circuit precedent in *In re JPMorgan Chase & Co.*, Defendant is correct that notice to potential class members who have signed arbitration agreements with Defendant is inappropriate at this time. 916 F.3d 494, 501 (5th Cir. 2019); *Qazi v. Stage Stores, Inc.*, Civil Action No. 4:18-CV-780, 2019 WL 2523564, at *2 (S.D. Tex. June 18, 2019). Defendant has shown by a preponderance of the evidence that the employees who signed arbitration agreements will not be able to join this suit and thus should be excluded from notice. *See In re JPMorgan Chase & Co.*, 916 F.3d 502–03. Consequently, the undersigned recommends that notice be distributed only to individuals who are not subject to arbitration agreements.

   c. *Conference Regarding Notice*

The parties should be ordered to meet and confer regarding any remaining issues related to the manner and method of notice.

### IV. RECOMMENDATION

For the above reasons, and because the parties are to confer regarding the notice to the class, it is **RECOMMENDED** that Plaintiff's renewed Motion for Conditional Certification be **GRANTED IN PART**. (Doc. 34).

It is further **ORDERED** that Defendant's Motion to Exclude Arbitration Employees from Notice be **GRANTED**. (Doc. 18).

Regarding notice to the potential plaintiffs, it is **RECOMMENDED** that the parties be **ORDERED** to confer in an attempt to agree upon the content and form of notice as well as an appropriate manner for distributing it. The parties should be required to submit to the Court their

proposed method of notice within **fourteen (14) days** of the Court conditionally certifying the class.

**IT IS FURTHER RECOMMENDED** that Notice and Consent to Join Forms be sent to all members of the collective, except those with arbitration agreements.

SIGNED this 12th day of May, 2020.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).