**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **JOHN NEWSOME, JR., Individually** | § | |
| **and on Behalf of All Others Similarly** | § | |
| **Situated;** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MO:19-CV-00150-DC** |
| | § | |
| **QES PRESSURE CONTROL, LLC,** | § | |
| *Defendant*. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is the United States Magistrate Judge Ronald C. Griffin's Report and Recommendation (R&R) entered in the above-captioned cause on May 7, 2020, in connection with Defendant QES Pressure Control, LLC's (Defendant) Motion to Compel Arbitration of Claims by Opt-In David Vann (Motion to Compel Arbitration) filed on March 30, 2020. (Docs. 36, 44). The parties did not file objections and the deadline to do so passed. After due consideration, the Court **ADOPTS** the R&R in its entirety (Doc. 44), **GRANTS** Defendant's Motion to Compel Arbitration (Doc. 36), and **DISMISSES** David Vann's claims against Defendant.

This case arises under the Federal Labor Standards Act (FLSA). (See Doc. 1). Plaintiff alleges Defendant intentionally misclassified Plaintiff, and others similarly situated, as exempt from overtime compensation and deprived Plaintiff of overtime compensation for all hours worked in excess of forty hours per week in violation of the FLSA. *Id.* The case was referred to the Magistrate Judge on June 27, 2019. (Doc. 5).

On March 22, 2020, a Notice of Consent to Join Collective Action by David Vann was filed. (Doc. 33). Defendant moved to compel arbitration as to David Vann's claims against it on

March 30, 2020. (Doc. 36). The Magistrate Judge issued an R&R recommending granting the Motion to Compel Arbitration, considering the motion unopposed per the Local Rules as Plaintiff did not file a response. (Doc. 44). Neither party filed objections.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen (14) days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Failure to file written objections to the R&R within fourteen (14) days after being served with a copy shall bar that party from de novo review by the district court of the proposed findings and recommendations. *Id.* Moreover, except upon grounds of plain error, it shall also bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).

To date, the parties have not filed any objections to the Magistrate Judge's R&R. After reviewing the R&R for clear error, the Court finds it to be neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(C).

For the reasons stated above, the Court **ACCEPTS** the Magistrate Judge's findings and recommendations and **ADOPTS** the R&R in its entirety. (Doc. 44).

The Court **ORDERS** that Defendant's Motion to Compel Arbitration be **GRANTED**. (Doc. 36).

The Court further **ORDERS** that David Vann's claims against Defendant be **DISMISSED**.

It is so **ORDERED**.

**SIGNED** this 22nd day of May, 2020.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE