**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **John Newsome, Jr., individually and on behalf of all others similarly situated,**<br><br>    Plaintiff,<br><br>v.<br><br>**QES Pressure Control, LLC,**<br><br>    Defendant. | <br><br><br><br><br>Civil Action No. 7:19–cv–150 |

**DEFENDANT'S OBJECTIONS TO**
**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE (DOC. 45)**

Defendant QES Pressure Control LLC ("QES") (misnamed by Plaintiff as "QES Pressure Control, LLC") respectfully submits these objections to the Report and Recommendation of the U.S. Magistrate Judge (Doc. 45) (hereinafter "R&R"). In support, QES shows as follows:

**Introduction and Summary of Argument**

On March 17, 2020, the Magistrate Judge recommended the denial without prejudice of Newsome's original motion for conditional certification for failure to show that potential class members want to join the lawsuit.  (Doc. 32)  On March 23, 2020, Newsome filed a "renewed" motion, which was based on the March 22, 2020 filing of a consent form by David Vann.  (Docs. 33, 34)  QES opposed the renewed motion on several grounds, including that (1) the conclusory statements in Newsome's declaration failed to carry even the lenient burden to show that he and potentially class members were similarly situated in terms of job duties, particularly in light of his recent deposition testimony confirming his lack of knowledge; and (2) Vann's consent did not

show that potential class members want to join this lawsuit, because Vann is obligated to arbitrate his claims and thus cannot participate in the suit.  (Doc. 35)[1]

In an R&R issued on May 12, 2020, the Magistrate Judge recommended that Newsome's renewed motion be granted, except with respect to employees who are subject to arbitration agreements.  (Doc. 45)   The R&R first found that Newsome had made a sufficient showing that he and Coil Tubing Supervisors in all of the offices throughout the company (not only in Odessa, where Newsome worked) were similarly situated.  (Doc. 45 at 7-9)   The R&R then found that Vann's consent form sufficed to show that potential class members want to opt into the lawsuit, even though Vann is bound to arbitrate his claims and cannot participate.  (Doc. 45 at 10-11)

Respectfully, QES objects to the R&R on two grounds:

**First**, the R&R errs by finding that Newsome presented competent proof that he and potentially class members are similarly situated.  Newsome's declaration—which continues to be the only proof he submits in support of his request for conditional certification—lacks personal knowledge and does not contain competent proof of the job duties of all potential class members.  Thus Newsome has not established that Coil Tubing Supervisors throughout QES' five offices— or even in Odessa—are similarly situated to him.[2]  In addition, Newsome's recent deposition testimony—which post-dates the filing of his original motion and so was not considered by the Magistrate Judge or this Court respect to that motion—confirms his lack of personal knowledge

---

[1]    On May 22, 2020, this Court adopted the Magistrate Judge's recommendation that Vann's claims be compelled to arbitration.  (Doc. 47)  Vann has filed a demand for arbitration with JAMS.

[2]    QES made this argument in opposition to Newsome's original motion for conditional certification and raised it in its objections to the Magistrate's R&R on the original motion.  (Doc. 16 at 2-4; Doc. 37 at 2-5).  In ruling, this Court expressly declined to consider the merits of the similarly-situated objection, stating that the Court need to decide the issue because Newsome had failed to establish the third prong of the conditional certification inquiry and thus had not carried his conditional certification burden.  (Doc. 43 at 4, "Consequently, the Court need not decide whether Plaintiff failed to establish the other two prongs of the lenient standard.")

2

of the duties of other potential class members in Odessa or elsewhere.  Newsome presents no proof from any other potential class members that would otherwise establish that they are similarly situated, in Odessa or elsewhere.

**Second**, the R&R errs by finding that Vann's consent suffices to show that other potential class members are interested in joining the case, particularly in light of the fact that no one else has attempted to join the case in the eleven-plus months since the case was filed.   The supporting cases cited in the R&R are deficient for two reasons:  First, they each involve situations in which two or more *declarations* were filed by persons seeking to participate, and both of the declarations contained competent evidence that others wished to join.  Here, by contrast, only one declaration (by Newsome himself) has been filed and that declaration lacks competent evidence that others want to join.  Second, none of the cases cited in the R&R involved consents (let alone declarations) filed by persons who were bound to arbitrate claims, and thus could not participate in the lawsuit. Regarding this latter point, at least one other court has refused to credit a consent filed by a person who had, like Vann, waived the right to participate in a collective action.  *See Smith v. M-I, LLC*, 2018 WL 3866624, at *5 (W.D. Tex. Aug. 14, 2018) ("A plaintiff-movant's vague statements that others might be interested in learning their rights, especially when coupled with only one consent to join that is likely inadequate [because of a collection-action waiver], does not sufficiently show other aggrieved individuals desire to opt-in.").

Conditional certification at this very late stage in the case, without evidence that anyone capable of joining the case other than Newsome himself actually wants to join, would not result in any of the efficiencies that the FLSA's collective-action process exists to promote.  Under the particular circumstances present here, this Court is well within its discretion to deny conditional certification and should do so.

Under 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, QES respectfully requests that this Court uphold its objections and deny Newsome's renewed motion for conditional certification.

## Standard of Review

Any party may submit written objections to a magistrate judge's R&R, and the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (italics added); *see also* FED. R. CIV. P. 72. The Court is free to "accept, reject, or modify, in whole or in part," the recommendations in the R&R. *Id.*

## Argument

I.   **The Motion Should Be Denied Because Newsome Provides No Competent Proof that the Potential Class Members Are Similarly Situated in Terms of Job Duties, Either in His Office in Odessa, Texas, or Elsewhere.**

Newsome's title was not, as he claims in his Declaration, "Field/Coil Tubing Supervisor," which is not a job title at QES. (Doc. 35-1 ¶ 3)  Nor was he a "Field Supervisor." (*Id.*)[3]  In fact, Newsome was a Coil Tubing Supervisor based in QES' Odessa, Texas office. (*Id.*)  The Odessa office was one of five offices to which Coil Tubing Supervisors were assigned. (*Id.* ¶ 5)  There is only one Coil Tubing Supervisor assigned to each QES coil tubing crew. (*Id.*)

While the conditional certification standard is lenient, it is not nonexistent.  To conditionally certify a class, Newsome bears the burden to show through competent evidence that he and the potential class members are similarly situated in terms of job duties. *DeBord v. Texas CES, Inc.*, 2018 WL 6177948, at *3 (W.D. Tex. Aug. 27, 2018) (Counts, J.).

---

[3]   Nor, for that matter, was Newsome a Supervisor from "May of 2016 through May of 2019." (Doc. 13-1 ¶ 3)  In actuality, he was an hourly-paid Coil Tubing Operator from July 25, 2016 through June 21, 2017, and was an exempt Coil Tubing Supervisor from September 25, 2017 to May 13, 2019. (Doc. 35-1 ¶ 3)

Newsome's motion relies entirely on his own declaration, with no proof from anyone else. He presents no competent evidence as to the job duties of other Coil Tubing Supervisors. Newsome claims that based on "conversations" he held with other unidentified "Field Supervisors"—and again, Newsome did not hold such a position and so it is impossible to know what positions Newsome is actually referring to—he is aware that "very long hours were typical," and knows that he and other "Field/Coil Tubing Supervisors" were paid in the same way. (Doc. 13-1 ¶¶ 23, 25) But he does not claim that any such "conversations" or discussions occurred with respect to Coil Tubing Supervisor *job duties*, and nowhere does he claim to have worked alongside other Coil Tubing Supervisors in the Odessa office—let alone Supervisors assigned to one of the other four offices in which he did *not* work. As such, there is no foundation laid for any statement in the Declaration regarding what other Coil Tubing Supervisors' duties were—in Odessa or elsewhere—and so no basis on which to credit Newsome's conclusory statements. *See Naicker v. Warrior Energy Servs., Inc.*, 2015 WL 1642209, at **2-3 (W.D. Pa. Apr. 9, 2015) (court declined to certify a class of coil tubing "snubbers" located across three of the defendant's districts; as to the job duties within two of the districts, the sole declarant's statements that job duties were similar based on her "conversations" with and observations of other unidentified employees were incompetent and based on hearsay); *Smith v. Frac Tech Servs., Ltd.*, 2009 WL 4251017, at *7-8 (E.D. Ark. Nov. 24, 2009) (refusing to conditionally certify company-wide classes of Field Coordinators and Field Engineers because the declarants had worked in only a few locations and presented no competent evidence of job duties across the country); *Palacios v. Boehringer Ingelheim Pharm., Inc.*, 2011 WL 6794438, at *5 (S.D. Fla. Apr. 19, 2011) (holding "[a]ssertions based on 'beliefs' and 'conversations' are conclusory and provide no meaningful details, thus they fall short of the 'substantial' and 'detailed' allegations necessary to satisfy the 'similarly situated'

element"); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) (denying conditional certification where "[t]he affidavits contain nothing to establish that the plaintiffs have personal knowledge of those matters as they pertain to any other driver"); *Fraticelli v. MSG Holdings, L.P.*, 2014 WL 1807105, at *3 (S.D.N.Y. May 7, 2014) (refusing to credit unsupported and conclusory assertions in affidavits such as: "I know that MSG treated other interns in a manner similar to me based on my observations as well as discussion we often had amongst ourselves."); *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 927-29 (D. Ariz. 2010) ("Plaintiff's evidentiary showing that SMRs performed the same job duties is plainly insufficient, even under the most liberal legal standard," where plaintiff's declaration "is based on nothing more than her opinions, which are vague and appear to be based on unspecified hearsay from unidentified sources."); *Berndt v. Cleary Bldg. Corp.*, 2013 WL 3287599, *4–5 (W.D. Wis. Jan. 25, 2013) (striking portions of affidavits based on "observations" and based on conversations with other field crew employees as speculative and hearsay); *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865–67 (S.D. Ohio 2005) (striking portions of affidavits on hearsay grounds); *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004) (rejecting plaintiff's affidavit as "conclusory and general" where it recounted conversations with other assistant managers who "described their job duties, which were the same as mine").

Newsome's recent deposition confirms his lack of knowledge of what other Coil Tubing Supervisors do. First, Newsome confirmed that the only QES office he ever worked out of was the Odessa, Texas office. (Doc. 35-2, Deposition of John Newsome at 22:12-25) He recalls that only five other Coil Tubing Supervisors worked out of the Odessa office. (*Id.* at 49:7-22) According to Newsome, none of the Coil Tubing Supervisors received any standardized training—the only training was "based on time [of] service and your knowledge of the job that you're doing."

(*Id.* at 47:12-48:15)  Most significantly, Newsome testified that he never worked alongside any other Coil Tubing Supervisor, from Odessa or elsewhere.  (*Id.* at 88:10-89:18)  Thus, there is simply no foundation for Newsome's claim that he has personal knowledge of the job duties of even the other Coil Tubing Supervisors in the Odessa office, let alone the Coil Tubing Supervisors at one of the four other offices in the company in which he did *not* work.[4]

Moreover, Newsome presents no proof from anyone else.  Because Newsome presents no competent proof that he is similarly situated to any other Coil Tubing Supervisors—in Odessa or elsewhere—and there are no other declarations on file, he fails to satisfy even the lenient conditional certification burden as to the company-wide class he seeks to certify.  *See, e.g.*, *Smith v. M-I, LLC*, 2018 WL 3866624, at *3 (W.D. Tex. Aug. 14, 2018) (citing other cases for the proposition that to conditionally certify a class including workers from locations other than where the named plaintiff worked, "'a plaintiff must submit affidavits from other employees alleging that they worked at different locations and were subject to a similar overtime policy'" (quoting *Blake v. Hewlett-Packard Co.*, 2013 WL 3753965, at *12 (S.D. Tex. July 11, 2013)).

Newsome's motion should be denied because he fails to present competent proof that all potential class members, in all of QES' locations or even in Odessa alone, are similarly situated.

---

[4]     Because Newsome's declaration lacks any foundation for his statements regarding the job duties of other Coil Tubing Supervisors, and his deposition testimony confirms this lack of knowledge, and there are no other supporting declarations from workers in other locations, this case differs from cases in which the Court has conditionally certified nationwide classes based on multiple declaration statements regarding the jobs of other alleged class members. *See, e.g., Bradbury v. Transglobal Servs., LLC*, 2018 WL 3603078, at *3 (W.D. Tex. June 16, 2018) (Counts, J.) (conditionally certifying nationwide class based on statements of two declarants as to their jobs and their "interactions" with other potential class members, and similar statements from potential class members in other FLSA cases against the employer).

**II.      The Motion Must Be Denied Because Newsome Provides No Proof that Other Potential Class Members Want to Participate, and No Efficiency Would Be Gained from Conditional Certification Based on the Particular Circumstances of this Case.**

In *DeBord v. Texas CES, Inc.*, this Court ruled that a case should not be conditionally certified based upon only the named plaintiff's allegations that similarly situated persons want to join the case. 2018 WL 6177948, at \*\*4-5 (citing numerous cases in support, including *Harris v. Pel-State Bulk Plant, LLC*, 2018 WL 2432963, at \*4 (W.D. Tex. Jan. 5, 2018)). As other courts have explained, "[t]his requirement is necessary to ensure that the collective action mechanism is being used appropriately to promote judicial efficiency rather than as a tool to burden a defendant and create settlement pressure." *Herron v. Peveto Cos., Ltd.*, 2016 WL 3166850, at \*2 (S.D. Tex. June 7, 2016); *see also Simmons v. T-Mobile USA, Inc.,* 2007 WL 210008, at \*9 (S.D. Tex. Jan. 24, 2007) ("Others' interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action."); *Morales v. Thang Hung Corp.*, 2009 WL 2524601, at \*3 (S.D. Tex. Aug. 14, 2009) ("One affidavit is not enough to establish that the collective action, along with the expensive notice it requires, is the most efficient way to proceed with this litigation."). Moreover, the Fifth Circuit recently reiterated that Court-authorized notice may not be used to unnecessarily "stir up" litigation, lending even further support for *DeBord. In re JPMorgan Chase & Co.*, 916 F.3d 494, 504 (5th Cir. 2019) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)).

Newsome claims in his Declaration that he "believe[s]" that other individuals "would want to join this lawsuit . . . ." (Doc. 13-1 ¶ 32)  But as this Court held in *DeBord* and reaffirmed in its Order adopting the first R&R in this matter (Doc. 43 at 4), it is insufficient for a single declarant

to claim that discussions with others have led him to "believe" that they want to join the lawsuit, especially when no other declarations or even consents have been filed. 2018 WL 6177948, at *5.

Newsome's renewed Motion claims that the filing of a consent form from David Vann on the heels of the Magistrate's first R&R constitutes proof that others want to join the lawsuit. (Doc. 34 ¶¶ 7-8) The Magistrate agreed. (Doc. 45 at 10-11) But the supporting cases cited in the R&R are deficient for two reasons: First, they each involve situations in which two or more *declarations* were filed by persons seeking to participate, and both of the declarations contained competent evidence that others wished to join. Here, by contrast, only one declaration (by Newsome himself) has been filed; Vann merely filed a consent, and provided no proof that others want to join. Second, Vann's consent does not suffice because he agreed to arbitrate claims against QES, and thus his consent is not proof that any other *potential class members*—*i.e.*, persons who would actually be able to participate in this lawsuit—want to join the suit. At least one other court has considered this issue and ruled that when the only proof that others want to join comes from the named plaintiff himself and an individual who has waived his right to participate in a collective action and thus cannot participate in the case, the plaintiff has failed to meet this prong of the conditional certification inquiry. *See Smith v. M-I, LLC*, 2018 WL 3866624, at *5 (W.D. Tex. Aug. 14, 2018) ("A plaintiff-movant's vague statements that others might be interested in learning their rights, especially when coupled with only one consent to join that is likely inadequate [because of a collective-action waiver], does not sufficiently show other aggrieved individuals desire to opt-in.").

As was the case when the Magistrate recommended denial of Newsome's original motion, there is still only one person actually capable of joining the lawsuit—Newsome himself—who has shown interest in doing so, despite the fact that the case has now been on file for over eleven

months.  There continues to be no proof that conditional certification of a class at this extremely late stage in this case would result in any of the efficiencies that the Fifth Circuit, this Court, and other district courts have ruled are the basis for the issuance of a conditional certification order.  As the Fifth Circuit held in *In re JP Morgan*, "the purpose of giving discretion to facilitate notice is because of the need for 'efficient resolution in one proceeding of common issues.'"  916 F.3d at 502 (quoting *Hoffman-La Roche*, 493 U.S. at 170, 172-3).  "And alerting those who cannot ultimately participate in the collective 'merely stirs up litigation,' which is what *Hoffman-La Roche* flatly proscribes."  *Id*.

Whether to conditionally certify a class and authorize notice is a discretionary decision that flows entirely from the Court's assessment as to whether such an order would create efficiencies in the particular case at hand.  *In re JP Morgan Chase*, 916 F.3d at 500.  Here, where over eleven months have passed and during that time only one person actually capable of prosecuting this case—Newsome himself—has expressed interest in it, the efficiencies simply are not there.

Because over eleven months have passed and Newsome has failed to provide competent evidence that other potential class members want to join this lawsuit, his motion must be denied.

## Conclusion

For the foregoing reasons, QES respectfully requests that the Court (1) reject the finding in the R&R that Newsome has presented competent proof that he is similarly situated to other potential class members, (2) reject the finding that Newsome has established that other potential class members want to join the lawsuit; and (3) deny Newsome's renewed motion for conditional certification.

Respectfully submitted,

/s/ *Michael J. Muskat*
Michael J. Muskat
State Bar No. 24002668
Email: MMuskat@m2dlaw.com
R. John Grubb II
State Bar No. 24101834
Email: JGrubb@md2law.com
**MUSKAT, MAHONY & DEVINE, LLP**
1201 Louisiana Street, Suite 850
Houston, Texas  77002
Telephone:  (713) 987-7850
Facsimile:  (713) 987-7854

**ATTORNEYS FOR DEFENDANT**
**QES PRESSURE CONTROL LLC**

## CERTIFICATE OF SERVICE

This is to certify that on May 26, 2020, a true and correct copy of the foregoing document has been served on Plaintiffs' counsel of record via the Electronic Case Filing system.

/s/ *Michael J. Muskat*
Attorney for Defendant

11